CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2010

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:06CR00107 |
| | ) (Case No. 7:10CV80228) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| ANTWANIQUE TYRELL BANKS, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. Upon review of the record, the court finds that the motion is untimely and without merit and will accordingly dismiss it.[1]

## Background

Antwanique Tyrell Banks pleaded guilty on August 6, 2007 to conspiracy to possess with intent to distribute more than 50 grams of cocaine base. In exchange for the guilty plea, the government moved for dismissal of related counts of distribution of cocaine base. The plea agreement also included a provision whereby Banks waived his right to appeal and his right to bring a collateral attack, including a § 2255 motion. The court sentenced Banks on January 28, 2008, to 188 months imprisonment. Final judgment entered on January 31, 2008, and Banks did not appeal.

The government filed a motion for sentence reduction on June 23, 2008, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, based on Banks' substantial assistance to law

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

enforcement authorities. The court directed Banks' probation officer to inquire about the nature and extent of the assistance Banks had rendered and to make a post-sentencing report to the court, to which counsel then had an opportunity to object. The probation officer recommended reducing Banks' sentence from 188 months to 108 months. As no party objected, the court entered an order on July 14, 2009, reducing Banks' sentence to 108 months. Again, Banks did not appeal.

Banks filed a motion on November 10, 2009, requesting a sentence reduction under 18 U.S.C. § 3582(c) and the 2007-2008 amendments to the federal sentencing guideline for crack cocaine. By order entered November 13, 2009, the court denied this motion. Banks moved again for modification of sentence, based on legislation under consideration in Congress. The court denied this motion by order entered December 9, 2009.

Banks filed the instant motion on or about February 8, 2010,[2] "concerning the sentencing that was unconstitutional" and asserting that he is "actual[ly] innocent of the charge that was set forth in the sentencing." Banks appears to be arguing that two unspecified prior convictions were improperly counted against him in the determination of his criminal history category for purposes of sentencing under the United States Sentencing Manual (USSG).

Pursuant to Castro v. United States, 540 U.S. 375 (2003), by order entered February 17, 2010, the court notified Banks that unless he notified the court within ten days that he did not want to pursue the motion as one arising under § 2255, the court would proceed to address it as such. The ten days have expired, without Banks' objection to the construction of his motion as a

---

[2] Banks did not date his signature on the motion, but the envelope was postmarked February 8, 2010. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner pleadings considered filed on date delivered to prison authorities for mailing).

§ 2255 action.[3] The February 17, 2010 order also notified Banks that his § 2255 motion appeared to be untimely and that if he elected to pursue his claims under § 2255, he should explain to the court why he believed that his claims could be addressed. Banks has not filed any additional argument regarding timeliness.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

---

[3] When Banks recently informed the court that he had been transferred to a new prison facility, he referred to his pending motion as a "§ 2255 motion."

Under § 2255(f)(1), a defendant's conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. See, e.g., Clay v. United States, 537 U.S. 522, 525 (2003). The criminal judgment against Banks was entered on January 31, 2008, and he did not appeal within ten (10) business days from entry of judgment as then required under Fed. R. App. P. 4(b)(1).[4] Therefore, his conviction became final on February 14, 2008. He then had one year–until February 16, 2009–in which to file a timely § 2255 motion. As he filed his § 2255 motion in early February 2010, almost a year after his one-year filing period under § 2255(f)(1) expired, his motion is clearly untimely under § 2255(f)(1).

The June 2009 Rule 35(b) motion, and the correction of Banks' sentence on July 14, 2009 based on Banks' substantial assistance, did not affect the calculation of Banks' limitation period under § 2255(f). Under the plain text of 18 U.S.C. § 3582(b)(2), a correction of sentence pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure does not affect the finality of the underlying federal criminal judgment. See United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (finding that resentencing under Rule 35(b) did not extend start of limitation period for filing § 2255 motion). As stated, Banks makes no other arguments regarding the timeliness of his § 2255 motion, despite the court's granting him an opportunity to do so. Accordingly, the court concludes that the motion must be dismissed as untimely filed, pursuant to § 2255(f)(1).

In any event, Banks fails to state any claim for relief under § 2255. His only argument is that his criminal history category was wrongly decided. He states:

---

[4] Pursuant to amendments effective December 1, 2009, Rule 4(b)(1) now requires that a notice of appeal be filed within 14 calendar days from entry of judgment.

> From my understanding in certain kind of offenses don't count as prior, or count only when they meet other requirements. These offense[s], and others similar to them, by whatever name they are known, are never counted [Hitchhiking, Vagrancy, Loitering, Minor infraction].

Banks asserts that because of the alleged miscalculation of his criminal history points, he is "actually innocent" of the federal sentence he is serving.

The presentence investigation report (PSR) in Banks' case indicates that he received two criminal history points, giving him a criminal history category of II. Specifically, he received one point, pursuant to USSG §§ 4A1.1(c) and 4A2.1(c)(1), for his March 18, 2003 conviction in Roanoke County Circuit Court for driving on a suspended license, subsequent offense, for which he was sentenced to six months, with 30 days to serve, a $200 fine, and $262 in costs. (PSR ¶42.) He received one point, pursuant to USSG §§ 4A1.1(c) and 4A2.1(c)(1), for his April 30, 2004 conviction in Montgomery County General District Court for driving on a suspended license, for which he was sentenced to 30 days in jail, $99.00 in costs, and a one year suspension of his driver's license. (PSR ¶48.) Banks does not make any arguments regarding why these offenses should not have counted against him as calculated by the probation officer, and the court finds no error here.[5]

---

[5] Section 4A1.1 of the USSG directs the calculation of a defendant's criminal history points. The defendant receives three points for each prior sentence of one year or more, § 4A1.1(a); two points for each prior sentence of at least sixty days, § 4A1.1(b); and one point for each prior sentence not counted in (a) or (b), up to a total of four points. Section 4A2.1(c)(1) lists driving on a suspended driver's license among the misdemeanor or petty offenses that can be counted in calculating the criminal history points. This section lists other offenses, such as hitchhiking and loitering, among offenses that cannot be counted. Because Banks' convictions for driving on a suspended license clearly fall within the guideline provisions cited by the probation officer, the court finds no ground on which to believe that Banks' criminal history points were improperly calculated.

Finally, Banks argues that he is actually innocent of his federal sentence. Again, he fails to offer any facts or argument in support of this assertion. Accordingly, the court finds no ground on which the statute of limitations should be equitably tolled. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (finding that equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

## Conclusion

For the stated reasons, the court concludes that the § 2255 motion is untimely and without merit and must be summarily dismissed. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 24th day of March, 2010.

／s／ _____
United States District Judge